———o———

DANIEL B. WOODS, Respondent, vs. WM. STRAUP, Appellant.

| 63   437|
| 76a 556|

1. *Title bond, tender and refusal of—Suit for recovery of purchase money—Equity.*—The assignee of a title bond for conveyance of land, on payment of sundry instalments of purchase money, made tender of the final instalment and demanded a deed, then and there, of the obligor, who could not execute it that day, but tendered it the day following. But the obligee then refused to receive it—making no objection, however, on the score of defect in the obligor's title—and immediately sued for the purchase money paid. It appeared that plaintiff's assignor, when the sale was made, took possession of the land, and had meanwhile felled most of the timber which constituted the principal

value of the estate. No attempt had been made, or could have been, under the circumstances, successful, to disaffirm or rescind the contract. *Held,* that there was no principle of law or justice to authorize plaintiff's suit; that it was competent for defendant to show, that if there had been any claims or liens against the land, they had been satisfied and extinguished.

### *Appeal from Jasper Circuit Court.*

*E. J. Montague,* with *Walser & Cunningham,* for Appellant.

*Garrison & Allen,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that defendant executed to one Wm. E. Woods his title bond, conditioned for the conveyance of certain real estate, upon payments being made as therein specified. Wm. E. made the first two payments, and then assigned the bond to the present plaintiff. Plaintiff went to defendant and offered to make the last payment, and demanded a deed, but defendant did not have it drawn up and could not have it acknowledged that evening, but executed and acknowledged it the next day, and then sought plaintiff and tendered it to him, but he refused to accept it, and then immediately brought this suit to recover back the purchase money, claiming a forfeiture of the bond. It appears further, that when the sale was made to the plaintiff's assignor, he took possession of the premises, and continued to hold and possess them ever after, up to the time of the trial, by himself and tenant, and cut and carried away the principal part of the timber, which constituted the chief value of the land.

The trial was before the court and a jury, and under the instructions a verdict was returned for the plaintiff, upon which judgment was rendered.

Upon no principle of law or justice can the judgment be permitted to stand. There was no attempt to disaffirm or rescind, and such a thing could not have been done, as the plaintiff and his assignor had been and were in continuous possession, and had committed waste, and permanently injured the value of the land.

There could have been no restoration so as to have substantially placed the parties in their former position.

When the deed was refused, no objection was made to the defendant's title, though that question was brought in controversy at the trial. The defendant introduced his conveyances in evidence, by which he showed a good title in himself, but the plaintiff gave in evidence a couple of small allowances proved up in the probate court, against the estate of defendant's grantor, which the court instructed were liens against the land. The defendant then offered to show that these claims had been paid off and satisfied, and this testimony the court rejected, but upon what ground it is difficult to perceive.

Without attempting to determine whether these allowances might have constituted an incumbrance against the land, when they were admitted in evidence, it was surely competent to show that they had been satisfied and extinguished. The instructions were verbose and mostly irrelevant, and it is needless to examine them.

The judgment should be reversed, and the cause remanded. The other judges concur.